SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
DIANE KASTEN,

                Plaintiff,

    --against--

CHASE CRAMER and
ARAMARK SPORTS AND ENTERTAINMENT
SERVICES, LLC,

                Defendants.
------------------------------------------------------------X

**SUMMONS**

To the above-named Defendants:

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**The plaintiff's residence:** 73-36 71st Street, Glendale, New York 11385. The basis of the venue designated is the plaintiff's place of residence.

Dated: October 1, 2020

                              ABBOTT BUSHLOW & SCHECHNER, LLP
                              *Attorneys for Plaintiff*

                              By: Alan L. Bushlow, Esq.
                              70-11 Fresh Pond Road
                              Ridgewood, New York 11385
                              (718) 366-7171

**Defendants' addresses:**

| | |
|---|---|
| **CHASE CRAMER**<br>21 Fieldview Road<br>Andover, New Jersey 07821 | **ARAMARK SPORTS AND**<br>**ENTERTAINMENT SERVICES, LLC**<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, New York 10005 |

FILED: QUEENS COUNTY CLERK 10/01/2020 07:23 PM
NYSCEF DOC. NO. 1
INDEX NO. 717430/2020
RECEIVED NYSCEF: 10/01/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
DIANE KASTEN,

           Plaintiff,

--against--

CHASE CRAMER and
ARAMARK SPORTS AND ENTERTAINMENT
SERVICES, LLC,

           Defendants.
-----------------------------------------------------------X

**VERIFIED COMPLAINT**

Plaintiff DIANE KASTEN ("Plaintiff"), complaining of the defendants, by her attorneys, ABBOTT BUSHLOW & SCHECHNER, LLP, alleges as follows:

## BACKGROUND

### Parties

1. At all relevant times, Plaintiff was and is a resident of Queens County, New York.

2. Upon information and belief, at all relevant times, defendant CHASE CRAMER ("CRAMER") was and is a resident of the State of New Jersey.

3. Upon information and belief, at all relevant times, defendant ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC ("ARAMARK") was and is a foreign limited liability company existing pursuant to and by virtue of the laws of the State of Delaware.

4. Upon information and belief, at all relevant times, ARAMARK's principal place of business is in the State of New York.

5. Upon information and belief, at all relevant times, ARAMARK, its agents, servants, and/or employees, owned, operated, controlled, managed, and/or supervised a business

FILED: QUEENS COUNTY CLERK 10/01/2020 07:23 PM
NYSCEF DOC. NO. 1
INDEX NO. 717430/2020
RECEIVED NYSCEF: 10/01/2020

that was and is engaged in the selling of alcoholic beverages at premises located at CitiField, 41 Seaver Way, Flushing, New York 11368 ("CitiField").

6. Upon information and belief, at all relevant times, defendant ARAMARK was and is the holder of a valid and effective "on-premises" liquor license at CitiField, issued by the New York State Liquor Authority.

### The Incident

7. On or about June 7, 2019, Plaintiff was lawfully present at CitiField and in the course of her employment as a security supervisor.

8. Upon information and belief, on or about June 7, 2019, CRAMER was present at CitiField as a ticketed spectator admitted for a professional baseball game between the New York Mets and the Colorado Rockies.

9. On or about June 7, 2019, inside CitiField, and at or near the "Hodges VIP Entrance," defendant CRAMER, without any just cause or provocation, attacked, pushed and shoved Plaintiff, causing Plaintiff to fall violently to the ground.

10. Upon information and belief, at all relevant times, during the altercation between Plaintiff and defendant CRAMER, CRAMER was in an intoxicated condition.

11. Upon information and belief, at the time of the altercation, CRAMER was eighteen years of age.

### AS AND FOR A FIRST CAUSE OF ACTION
### AS AGAINST CRAMER

12. Said actions by CRAMER were willful, intentional, malicious, unwarranted, and constituted an assault and battery upon Plaintiff.

13. By reason of the foregoing, Plaintiff was (and upon information and belief will be) rendered sick, sore, lame, and disabled; was (and upon information and belief will be) caused to be hospitalized and to receive diverse medical and other aid and attention; was (and upon information and belief will be) caused to expend diverse sums of money for said medical and other care and treatment; was (and upon information and belief will be) incapacitated from attending to normal duties and functions; and has otherwise been caused to sustain severe, permanent, and protracted personal injuries.

14. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of the Civil Court of the City of New York and all lower courts that could or would otherwise have jurisdiction over this action.

15. By reason of the foregoing, Plaintiff has been damaged in such sum as may be awarded by the trier of facts.

**AS AND FOR A SECOND CAUSE OF ACTION AS AGAINST ARAMARK**

16. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 11, above, as if set forth fully again.

17. The occurrence was due, in whole or in part, to the recklessness, negligence, and carelessness of ARAMARK and/or its agents, servants, and/or employees, in the ownership, operation, control, management, and/or supervision of the business serving alcoholic beverages at CitiField.

18. ARAMARK, its agents, servants, and/or employees, were reckless, negligent, and careless in failing to protect Plaintiff from CRAMER when they knew or should have known that CRAMER was intoxicated and therefore capable of inflicting serious injury to

3

other persons in general, and to Plaintiff in particular; in permitting and allowing CRAMER to become intoxicated; in serving alcohol to CRAMER when they knew or should have known that he was under the legal drinking age; in failing to take reasonable steps to prevent CRAMER from becoming or remaining intoxicated by serving him alcohol when they knew or should have known that he was likely to become belligerent and inflict injury on others; in running a disorderly establishment; in failing to adequately and properly screen, hire, train, monitor, and supervise their personnel; and defendant ARAMARK its agents, servants, and/or employees, were otherwise careless, reckless, and negligent.

19. By reason of the foregoing, Plaintiff was (and upon information and belief will be) rendered sick, sore, lame, and disabled; was (and upon information and belief will be) caused to be hospitalized and to receive diverse medical and other aid and attention; was (and upon information and belief will be) caused to expend diverse sums of money for said medical and other care and treatment; was (and upon information and belief will be) incapacitated from attending to normal duties and functions; and has otherwise been caused to sustain severe, permanent, and protracted personal injuries.

20. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of the Civil Court of the City of New York and all lower courts that could or would otherwise have jurisdiction over this action.

21. By reason of the foregoing, Plaintiff has been damaged in such sum as may be awarded by the trier of facts.

**AS AND FOR A THIRD CAUSE OF ACTION AS AGAINST ARAMARK**

22. Plaintiff repeats and realleges each and every allegation of paragraphs 1

4

through 11, above, as if set forth fully again.

23. Upon information and belief, on or about June 7, 2019, ARAMARK and/or its agents, servants, and/or employees unlawfully served alcoholic beverages to CRAMER.

24. Upon information and belief, on or about June 7, 2019, ARAMARK and/or its agents, servants, and/or employees served alcoholic beverages to CRAMER when they knew or should have known that he already was intoxicated.

25. Upon information and belief, on or about June 7, 2019, ARAMARK and/or its agents, servants, and/or employees served alcoholic beverages to CRAMER when they knew or should have known that he was under the legal drinking age of twenty-one.

26. By reason of the foregoing, Plaintiff was (and upon information and belief will be) rendered sick, sore, lame, and disabled; was (and upon information and belief will be) caused to be hospitalized and to receive diverse medical and other aid and attention; was (and upon information and belief will be) caused to expend diverse sums of money for said medical and other care and treatment; was (and upon information and belief will be) incapacitated from attending to normal duties and functions; and has otherwise been caused to sustain severe, permanent, and protracted personal injuries.

27. By reason of the foregoing, Plaintiff is entitled under the provisions of General Obligations Law §§ 11-100 and 11-101 to compensatory damages and punitive damages.

28. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of the Civil Court of the City of New York and all lower courts that could or would otherwise have jurisdiction over this action.

29. By reason of the foregoing, Plaintiff has been damaged in such sum as may be awarded by the trier of facts.

## PROCEDURAL ALLEGATION

30. If the defendants assert the applicability of and the offsets contained in Article 16 of the CPLR, then and in that event Plaintiff alleges that Article 16 is not applicable to this action and, in the alternative, if applicable, that one or more of the exceptions contained in Article 1602 are applicable.

## DEMAND FOR DAMAGES

WHEREFORE, Plaintiff demands judgment against the defendants (and each of them): (a) in such amounts as may be awarded by the trier of facts for compensatory damages; (b) in such amount as may be awarded by the trier of facts for punitive damages; and (c) for the costs and disbursements of this action.

Dated: Ridgewood, New York
October 1, 2020

Yours, etc.,

ABBOTT BUSHLOW & SCHECHNER, LLP

By: Alan L. Bushlow, Esq.
70-11 Fresh Pond Road
Ridgewood, New York 11385
(718) 366-7171
*Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF QUEENS )ss.:

I, DIANE KASTEN, being duly sworn, depose and say: I am the plaintiff in the within action; I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_____
DIANE KASTEN

Sworn to before me this
1st day of October, 2020

_____
NOTARY PUBLIC

ALAN L. BUSHLOW
Notary Public, State of New York
No. 01BU4940029
Qualified in Queens County
Commission Expires August 1, 2022